**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Decided June 1, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1771

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee*,

  *v.*

VIRGIL SMITH,
      *Defendant-Appellant*.

Appeal from the United States
  District Court for the
  Northern District of Indiana,
  Fort Wayne Division.

No. 1:03-CR-6

**Theresa L. Springmann**, *Judge*.

**O R D E R**

Virgil Smith was convicted by a jury of one count of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, and one count of aiding and abetting in the use of a firearm, during and in relation to the bank robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Relying on the Sentencing Guidelines, the district court sentenced Smith to 137 months' imprisonment (the top of the applicable Guidelines range) on the first count, and a mandatory consecutive term of 84 months on count two, for a total sentence of 221 months' imprisonment. In *United States v. Smith*, 415 F.3d 682 (7th Cir. 2005), we ordered a limited remand of the 137-month portion of Smith's sentence in accordance with *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so that the district court could determine whether it believed that this portion of the sentence remains appropriate now that *Booker* has relegated the Sentencing Guidelines to advisory status. (The court had no discretion over the mandatory 84-month component of the sentence.) In all other respects, we affirmed the judgment

of the district court.

The district court has replied that it would reimpose the same sentence, now that it knows that the Guidelines are advisory only. We invited both parties to file memoranda addressing the reasonableness of Smith's sentence. The government filed a statement urging us to find the sentence reasonable and affirm. Smith's counsel filed a statement "reincorporat[ing], by reference, all issues heretofore raised in this matter," but presenting no specific argument for why Smith's sentence is unreasonable. Smith has therefore failed to show why his properly-calculated sentence, which is presumed reasonable under *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), should not stand, and our own review shows no such reason.

We therefore **AFFIRM** the sentence issued by the district court.