UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

On Remand from the U.S. Supreme Court
Submitted July 19, 2006
Decided August 3, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*


No. 04-1771

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>  *v.*<br><br>VIRGIL SMITH,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the<br>Northern District of Indiana,<br>Fort Wayne Division<br><br>No. 1:03-CR-6<br><br>Theresa L. Springmann, ***Judge***. |


## O R D E R

In *United States v. Smith*, 415 F.3d 682 (7th Cir. 2005), we affirmed Virgil Smith's conviction of one count of aiding and abetting an armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, and one count of aiding and abetting in the use of a firearm, during and in relation to a bank robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. In so doing, we found that the district court violated Smith's right to a speedy trial as guaranteed by the Speedy Trial Act, 18 U.S.C. § 3161, but that the violation was harmless. *Smith*, 415 F.3d at 686. After a limited remand in accordance with *United States v. Paladino*, 401 F.3d 471, 483-84

(7th Cir. 2005), we affirmed Smith's 221-month sentence as well. *United States v. Smith*, 2006 WL 1506815 (unpublished order) (June 1, 2006).

Smith filed a petition for *certiorari*. The Supreme Court granted his petition, vacating our judgment and remanding Smith's case back to us for further consideration in light of *Zedner v. United States*, 126 S.Ct. 1976 (2006), which holds that "harmless-error review is not appropriate" in the Speedy Trial Act context, *id.* at 1990. *Smith v. United States*, 126 S.Ct. 2859 (2006). Although *Zedner* was concerned with an "ends of justice" extension of the time for trial, granted under § 3161(h)(8), and Smith's case concerns the question whether a motion was "actually under advisement by the court," for purposes of § 3161(h)(1)(J), we see no principled difference between the two for purposes of harmless error review. The language of the Speedy Trial Act is just as mandatory for one subsection of § 3161(h) as it is for the others, and there is nothing in the Act that suggests that the command of § 3161(c) setting forth the time in which trial "shall" begin depends on which exception is invoked.

In accordance with Circuit Rule 54, we requested that both parties file position statements as to what action we ought to take on remand. Both parties take the position that *Zedner*'s holding controls Smith's case too, and that Smith's conviction should be reversed and his sentence vacated. We agree. All that remains is to remand this case to the district court to determine, in accordance with 18 U.S.C. § 3162(a)(2), whether to dismiss Smith's case with or without prejudice.

Accordingly, we REVERSE Smith's conviction, VACATE his sentence, and REMAND to the district court for further proceedings consistent with this order.